**Affirmed as Modified and Opinion filed October 16, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00693-CR

---

**MANLEY DEWAYNE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1283867**

## O P I N I O N

This is an appeal about court costs. Appellant Manley DeWayne Johnson pleaded guilty to aggravated robbery with a deadly weapon, and the trial court sentenced him to seven years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court's ordering him to pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and we affirm the judgment as so modified.

*Discussion*

In its judgment of conviction, the trial court ordered appellant to pay $234 in court costs. The original clerk's record filed with this court did not contain a bill of costs. On March 1, 2012, in response to appellant's motion, we ordered the district clerk to supplement the record with a bill of costs or, in the alternative, provide a certified statement that no such bill exists in the case file. The clerk's office filed an affidavit in which the affiant averred that the record in this case does not include a bill of costs.[1] As stated, appellant contends on appeal that there was insufficient evidence to support the court costs he was ordered to pay in the judgment.

Under article 103.001 of the Texas Code of Criminal Procedure, "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." Tex. Code Crim. Proc. art. 103.001. Costs so charged need not be included in the trial court's judgment to be effective. *Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex. Crim. App. 2011). Indeed, the obligation of a convicted person to pay court costs is established by statute, not by court order. *Armstrong v. State*, 320 S.W.3d 479, 481 (Tex. App.—Amarillo 2010), *rev'd on other grounds*, 340 S.W.3d 759. However, the Code of Criminal Procedure also mandates that judgments of conviction assess costs against the defendant. Tex. Code

---

[1] After oral argument in this case, the clerk's office filed a supplemental record containing what appears to be, and is identified as, a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in appellant's case amounting to $234. The original printed document is clearly not signed as required of a bill of costs by article 103.001 of the Texas Code of Criminal Procedure, although a file stamp is signed indicating it is a true copy of the original printed document. Tex. Code Crim. Proc. art. 103.001. Appellant has objected to this supplemental record as untimely and as not constituting an actual bill of costs, it being merely an unsigned computer screen printout. Appellant further points out that the clerk has not retracted the earlier representation that no actual bill of costs exists in the record. In response, the State does not argue that the supplemental record contains an actual bill of costs. Regardless, there is no indication that this printout was ever brought to the attention of the trial judge. *Cf. Chambers v. State*, 194 S.W.2d 774, 775 (Tex. Crim. App. 1946) (holding that appellate court would not consider *ex parte* documents that were not filed in the trial court); *Lamb v. State*, 931 S.W.2d 611, 613 (Tex. App.—Amarillo 1996, pet. ref'd) (holding items that had been tendered after judgment was rendered, and were neither filed nor offered as proof in court below, would not be considered on appeal).

Crim. Proc. art. 42.16. A claim of insufficient evidence to support court costs is reviewable on direct appeal in a criminal case. *See Armstrong*, 340 S.W.3d at 767.[2]

It is undisputed that the record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $234 in court costs.[3] The trial court did not err in ordering appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. But the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Armstrong*, 340 S.W.3d at 767 (remanding for a determination of whether the record sufficiently supported an award of attorney's fees as court costs); *Wolfe v. State*, No. 07-10-0201-CR, 2012 WL 2681447, at *4-5 (Tex. App.—Amarillo 2012, no pet. h.) (modifying judgment to delete finding on court costs for which sufficient evidence was not presented but affirming portion of court costs for which sufficient evidence was provided).

The State argues that appellant's complaint is not ripe because, under article 103.001, he does not have to pay the costs until a bill is ready. Tex. Code Crim. Proc. art. 103.001. The ripeness doctrine protects against interference until a "decision has been formalized and its effects felt in a concrete way by the challenging parties." *State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 504 (Tex. Crim. App. 2011) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 104–05 (1977)). In determining whether an issue is ripe for adjudication, we must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id*. (quoting *Abbott Labs.*, 387 U.S. at 149). Here, the trial court ordered appellant in its judgment to pay $234 in court costs. While the judgment appears in conflict with article 103.001 (stating such

---

[2] In *Armstrong*, the Court of Criminal Appeals dealt primarily with a question regarding the sufficiency of the evidence to support the court costs attributable to attorney's fees for appointed counsel which were included in a bill of costs. 340 S.W.3d at 761-62, 767. The court emphasized that under the circumstances, the attorney's fees should be treated as court costs. *Id*. at 767.

[3] *See supra* note 1.

fees need not be paid until a bill of costs is ready), the judgment was certainly formalized and could be acted upon in an attempt to collect the specified amount. *See* Tex. Gov't Code § 501.014(e) (requiring Texas Department of Criminal Justice to withdraw from an inmate's account amounts ordered by a court as payment for court costs). Accordingly, appellant's issue is ripe.

The State further suggests that the proper remedy for appellant under these circumstances would be to wait for the production of a bill of costs and then file a motion seeking correction of any errors in the assessment of costs pursuant to article 103.008 of the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 103.008. While that article provides a procedure for correcting errors in costs, it does not explicitly or implicitly limit an appellant's ability to challenge the sufficiency of the evidence to support a part of the court's judgment. *Id.* Indeed, the sufficiency of the evidence to support assessments of costs contained within judgments may be directly appealed without the necessity of having preserved the issue below. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010) (holding that a claim regarding sufficiency of the evidence to support a judgment, even the assessment of attorney's fees as costs, need not be preserved and is not waived by the failure to do so).

Lastly, the State relies upon the general presumption of regularity in judgments. The presumption of regularity is a judicial construct that requires a reviewing court, absent evidence of impropriety, to indulge every presumption in favor of the regularity of the proceedings and documents in the lower court. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000). The presumption of regularity created by recitals in a judgment can be overcome only when the record otherwise affirmatively reflects that error occurred. *E.g., Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). Here, appellant has challenged the sufficiency of the evidence to support the assessment of costs in the trial court's judgment. The clerk's record as originally filed did not include a bill of costs supporting the trial court's finding on costs. Appellant therefore filed a motion in this court seeking supplementation, and we responded by ordering the district

4

clerk to supplement the record with a bill of costs. The clerk's office responded by affidavit explaining that no bill of costs exists in this case. In the face of a sufficiency challenge, an order to supplement the record, and a complete lack of evidence supporting the trial court's assessment of costs, we will not presume the assessment of costs was accurate. *See Armstrong*, 340 S.W.3d at 767 (remanding for consideration of sufficiency of the evidence to support costs assessment); *cf. Ford v. State*, 848 S.W.2d 776, 777 (Tex. App.—Houston [14th Dist.] 1993, no pet.) (holding that absent a complete record, there was nothing to rebut a presumption of regularity).

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs. *See Wolfe*, 2012 WL 2681447, at *4-5. As so modified, we affirm the judgment.[4]

/s/          Martha Hill Jamison
              Justice

Panel consists of Justices Frost, Christopher, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).

---

[4] In order to dispose of the issues presented in this case, we need not, and in fact should not, attempt to predict what might happen if an actual bill of costs is subsequently produced. *See, e.g., Pfeiffer v. State*, 363 S.W.3d 594, 601 (Tex. Crim. App. 2012) (pointing out that courts of appeals are without authority to issue advisory opinions); *Garrett v. State*, 749 S.W.2d 784, 803-04 (Tex. Crim. App. 1986) (holding court of appeals erred in deciding issue that could arise in future prosecution of appellant), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). As discussed in note 1 above, a supplemental record was filed after oral argument containing a computer screen printout, but neither side contends that this printout constitutes an actual bill of costs, and there is no indication that this printout was ever considered by the trial court.