

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00122-CR

_____

FRANCISCO JAVIER TAFOLLA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,050

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Francisco Javier Tafolla pled guilty to aggravated robbery and was sentenced to forty-five years' imprisonment. He was ordered to pay $249.00 in court costs. On appeal, Tafolla argues that the trial court erred in awarding court costs because they were not supported by the statutorily required bill of costs. The State concedes that "no bill of costs has been submitted outlining the breakdown of court costs."

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547. Absent a certified bill of costs, the record is insufficient to support the order of court costs.

Because our independent review of the record confirms a lack of support for the award of court costs, we modify the trial court's judgment to delete the imposition of court costs. The judgment is affirmed, as modified. *See Johnson v. State*, No. 14-11-00639-CR, 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet.); *Levingston v. State*,

No. 01-10-00561-CR, 2011 WL 5599973, at *3 (Tex. App.—Houston [1st Dist.] Nov. 17, 2011,

no pet.) (mem. op., not designated for publication).[1]


                                        Jack Carter
                                        Justice

Date Submitted:        December 19, 2012
Date Decided:          December 20, 2012

Do Not Publish

---

[1]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).