**Affirmed as Reformed and Memorandum Opinion filed February 21, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00625-CR

**NICOLAS BUSTOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1329619**

## M E M O R A N D U M   O P I N I O N

This is an appeal about court costs. Appellant Nicolas Busto entered a guilty plea, without an agreed recommendation on punishment, to aggravated robbery with a deadly weapon. After a pre-sentence investigation, the trial court sentenced appellant to confinement for ten years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court costs in the amount of $239.00 assessed against him in the judgment. We reform the trial court's judgment to delete the specific amount of costs assessed

and affirm the judgment as modified.

In its judgment, the trial court ordered appellant to pay $239.00 in court costs. The clerk's record filed with this court does not contain a bill of costs or any other evidence showing the amount of court costs.

In *Johnson v. State*, ___ S.W.3d ___, No. 14-11-00693-CR; 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.), this court held that when the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

The trial court did not err in ordering appellant to pay costs, as such is mandated by the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.16. The court erred, however, in entering a specific dollar amount of costs in the judgment without any support in the record. *See Johnson,* at *3.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs assessed. *See id*. at *5. As modified, we affirm the judgment.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).