**Affirmed as Modified and Memorandum Opinion filed February 21, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00149-CR

---

**MARVIN DWAYNE SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1147188**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal about court costs. Appellant Marvin Dwayne Smith pleaded not guilty to aggravated assault with a deadly weapon. The trial court found him guilty and sentenced him to 45 years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court's costs of $230 reflected in the judgment. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as

modified.

In its judgment, the trial court ordered appellant to pay $230 in court costs. The clerk's record filed with this court does not contain a bill of costs. A supplemental clerk's record was filed containing a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in appellant's case, which amount to $230.

In *Johnson v. State*, ___ S.W.3d ___, No. 14-11-00693-CR; 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist .] Oct. 16, 2012, no pet. h.), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at *2, n. 1. Article 103.001 provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

The computer screen printout is not signed as reequired by article 103.001. There is no evidence in the record that this computer screen printout was presented to the trial judge before she entered the specific dollar amount in the judgment. For those reasons, we cannot consider the computer screen printout as an appropriate bill of costs in this case. *See Johnson v. State*, 2012 WL 4878803 at *2, n. 1.

The record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $230 in court costs. The trial court did not err in ordering appellant to pay costs, as such is mandated by the Code of

2

Criminal Procedure.  Tex. Code Crim. Proc. art. 42.16; however, the court erred in entering a specific dollar amount without any support in the record for that dollar amount.  *Id.* at *3.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs.  *See id*. at *5.  As modified, we affirm the judgment

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).