**Affirmed as Reformed and Memorandum Opinion filed February 21, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00628-CR

### JASMINE MONIQUE STELLY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1312109**

## M E M O R A N D U M   O P I N I O N

This is an appeal seeking reformation of the judgment. Appellant Jasmine Monique Stelly entered a guilty plea, without an agreed recommendation on punishment, to assault causing bodily injury to a public servant. After a pre-sentence investigation, the trial court sentenced appellant to confinement for five years in prison. In two issues on appeal, appellant contends that there is insufficient evidence in the record to support the court costs in the amount of $249.00 assessed against her in the judgment and that the judgment erroneously recites that appellant

waived her right to appeal. We reform the trial court's judgment to delete the specific amount of costs assessed and the language that appellant waived her appeal. We affirm the judgment as modified.

In its judgment, the trial court ordered appellant to pay $249.00 in court costs. The clerk's record filed with this court does not contain a bill of costs or any other evidence showing the amount of court costs.

In *Johnson v. State*, ___ S.W.3d ___, No. 14-11-00693-CR; 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.), this court held that when the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

The trial court did not err in ordering appellant to pay costs, as such is mandated by the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.16. The court erred, however, in entering a specific dollar amount of costs in the judgment without any support in the record. *See Johnson,* at *3.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's first issue and reform the trial court's judgment to delete the specific amount of costs assessed. *See id.* at *5.

The judgment, a pre-printed form, contains the following recitation: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." Appellant asks this court to reform the judgment to delete this notation. The State did not respond to this issue.

There is no signed waiver of the right to appeal contained in our record. Appellant's plea of guilty was not entered pursuant to a plea-bargain agreement.

2

The trial court filed an amended certification of the defendant's right of appeal in which the court certified that appellant has the right to appeal. *See* Tex. R. App. P. 25.2(d). It is apparent from the record that appellant has the right to appeal, and the boilerplate language that appellant waived her right to appeal does not comport with the record.

An appellate court has the power to correct and reform a trial court judgment "to make the record speak the truth when it has the necessary data and information to do so . . . ." *Nolan v. State,* 39 S.W.3d 697, 698-99 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State,* 813 S.W.2d 526 529 (Tex. App.—Dallas 1991, pet. ref'd)). Accordingly, we sustain appellant's second issue and reform the trial court's judgment to strike the language reciting "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

We affirm the judgment as reformed.


PER CURIAM


Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).