**Affirmed as Modified and Opinion filed March 19, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00586-CR

**MICHAEL JOSEPH SNOWDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1285227**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to aggravated sexual assault of a child. After a pre-sentence investigation, the trial court sentenced appellant on June 21, 2012, to life in prison. In two issues on appeal, appellant seeks reformation of the judgment to delete the specific amount of court costs assessed and to reflect that he has the right to appeal. We affirm the judgment as modified.

In its judgment, the trial court ordered appellant to pay $639 in court costs.

The original clerk's record filed with this court did not contain a bill of costs. A supplemental clerk's record was filed containing a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in appellant's case, which amount to $639.

In *Johnson v. State*, ___ S.W.3d ___, No. 14-11-00693-CR, 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, pet. filed), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at *2, n. 1.

In this case, appellant objected to the computer screen printout in the supplemental clerk's record because it does not comply with article 103.001. Article 103.001 provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

Tex. Code Crim. Proc. art. 103.001.

While the computer screen printout bears a dated signature, the signature certifies that it is a true and correct copy. Further, there is no evidence in the record that this computer screen printout was presented to the trial judge before he included the specific dollar amount in the judgment. Therefore, we cannot consider the computer screen printout as an appropriate bill of costs in this case. *See Johnson*, 2012 WL 4878803, at *2 n.1; *see also Jelks v. State,* ___ S.W.3d ___, No. 14-12-00509-CR, 2013 WL 638921 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, no

2

pet. h.).

For these reasons, the record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $639 in court costs. The trial court did not err in ordering appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. The court erred, however, in entering a specific dollar amount of costs in the judgment without any support in the record. *See Johnson*, 2012 WL 4878803, at *3.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's first issue and reform the trial court's judgment to delete the specific amount of costs assessed. *See id.* at *5.

In his second issue, appellant asks that we reform the trial court's judgment to correctly reflect that he has the right to appeal. The pre-printed judgment form contains the following boilerplate language: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." We conclude that this portion of the trial court's judgment does not accurately comport with the record. The clerk's record reflects that there was no plea bargain and appellant did not waive his right to appeal. The trial court signed an amended certification of the defendant's right of appeal in which the court certified that this case is not a plea-bargain case, and the defendant has the right of appeal. *See* Tex. R. App. P. 25.2(d). The State has not argued that appellant has no right to appeal. *See Menefee v. State*, 287 S.W.3d 9, 12 n. 12 (Tex.Crim.App.2009) (relying on trial court's certification of defendant's right of appeal, despite signed waiver of appeal, when State failed to raise issue of waiver); *Willis v. State*, 121 S.W .3d 400, 403 (Tex.Crim.App.2003) (concluding that record demonstrated appellant's intention to appeal, despite

boilerplate waiver in plea agreement, when State failed to assert waiver in court of appeals); *Grice v. State*, 162 S.W.3d 641, 645 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (comparing Tex. R. App. P. 25.2(d) and Tex. Code Crim. Proc. art. 42.01, § 1 and concluding that a stamped indication of waiver of appeal appearing in judgment was "surplusage").

We have the authority to reform a judgment to "make the record speak the truth." *French v. State,* 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we sustain appellant's second issue and reform the judgment to delete the following language: "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

We affirm the judgment as modified.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).