**Affirmed as Reformed and Memorandum Opinion filed March 19, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00814-CR

---

## HENRY JAMES KOHRHAMER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 185th District Court
### Harris County, Texas
### Trial Court Cause No. 1326892

---

## M E M O R A N D U M   O P I N I O N

This is an appeal about court costs. A jury convicted appellant of injury to an elderly person. On August 7, 2012, the trial court sentenced appellant to confinement for twenty-five years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court costs in the amount of $329.00 assessed against him in the judgment. We reform the trial court's judgment to delete the specific amount of costs assessed and affirm the judgment as modified.

In its judgment, the trial court ordered appellant to pay $329.00 in court costs. The clerk's record filed with this court does not contain a bill of costs or any other evidence showing the amount of court costs. A supplemental clerk's record was filed containing a judgment nunc pro tunc reflecting that the costs assessed are $324.00. In addition, the supplemental record contains a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in appellant's case, which amount to $324.00

In *Johnson v. State*, ___ S.W.3d ___, No. 14-11-00693-CR; 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.), this court held that when the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at *2, n. 1.

In this case, appellant objected to the computer screen printout in the supplemental clerk's record because it does not comply with article 103.001. Article 103.001 provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

Tex. Code Crim. Proc. art. 103.001.

The computer printout is a certified copy, but it is not a signed cost bill. There is no evidence in the record that this computer screen printout was presented to the trial judge before he included the specific dollar amount in the judgment. Therefore, we cannot consider the computer screen printout as an appropriate bill

2

of costs in this case. *See Johnson*, 2012 WL 4878803, at *2 n.1; *see also Jelks v. State,* ___ S.W.3d ___, 14-12-00509-CR, 2013 WL 638921 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, no pet. h.). Appellant also objected to the nunc pro tunc judgment as improperly making a judicial, rather than a clerical, change.

The trial court did not err in ordering appellant to pay costs, as such is mandated by the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.16. The court erred, however, in entering a specific dollar amount of costs in the judgment without any support in the record. *See Johnson,* at *3.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs assessed. *See id*. at *5. As modified, we affirm the judgment.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).