**Affirmed as Modified and Memorandum Opinion filed April 25, 2013**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00893-CR

---

### EDUARDO PEREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1171619**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal about court costs. On June 30, 2008, appellant pleaded guilty to burglary of a habitation. Pursuant to a plea bargain agreement with the State, the trial court assessed punishment at three years' deferred adjudication probation. The State moved to adjudicate appellant's guilt on October 28, 2008. Four years later, on September 29, 2012, the trial court adjudicated appellant's guilt and sentenced him to two years' confinement in the Institutional Division of

the Texas Department of Criminal Justice.[1]  In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court costs assessed against him in the judgment.  We reform the trial court's judgment to delete the specific amount of costs assessed and affirm the judgment as modified.

In its judgment adjudicating guilt, the trial court ordered appellant to pay $240.00 in court costs. The clerk's record filed with this court contains a computer screen printout from the Harris County Justice Information Management System (JIMS).  It shows court costs in appellant's case, which amount to $370.00.

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, pet. granted), this court held that when the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.  The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure.  *Id.* at 515, n. 1.

Article 103.001 provides:

A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

Tex. Code Crim. Proc. art. 103.001.

While the computer screen printout bears a dated signature, there is no evidence in the record that this computer screen printout was presented to the trial judge before he included the specific dollar amount in the judgment.  Therefore, we cannot consider the computer screen printout as an appropriate bill of costs in

---

[1] Appellant was deported shortly after his guilty plea and not apprehended until 2012.

this case. *See Johnson*, 389 S.W.3d at 515, n. 1; *see also Jelks v. State,* ___ S.W.3d ___, 14-12-00509-CR, 2013 WL 638921 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, no pet.). Therefore, there was no evidence in the record to support the specific dollar amount in court costs.

The trial court did not err in ordering appellant to pay costs, as such is mandated by the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.16. The court erred, however, in entering a specific dollar amount of costs in the judgment without any support in the record. *See Johnson,* 389 S.W.3d at 517.

The State argues that this court lacks jurisdiction to consider appellant's claim on appeal for at least $203.00 of the costs assessed. The State points out that the trial court assessed $203.00 in costs in the original deferred adjudication order. A defendant placed on deferred adjudication probation may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Therefore, the State argues appellant cannot now challenge the original assessment of $203.00 in costs.

Since the Court of Criminal Appeals decided *Manuel*, the legislature amended article 42.12 § 5(b) to permit review of the trial court's determination to proceed with an adjudication of guilt on a criminal charge. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b). In this case, appellant is appealing the judgment adjudicating guilt. He is not challenging the assessment of costs in the original deferred adjudication order; he is challenging the evidence to support the specific dollar amount listed in the judgment adjudicating his guilt. Regardless of the dollar figure written in the trial court's judgment, there is no evidence to support it.

In his prayer for relief, appellant asks this court to order the Texas

Department of Criminal Justice to reimburse appellant all money that has been withdrawn from his inmate trust account under Texas Government Code section 501.014(e)(4). We decline to order reimbursement for two reasons. First, there is no evidence in the record that funds have been withdrawn from appellant's inmate trust account. Second, the withdrawal of funds is civil in nature and is not properly raised in this appeal of appellant's criminal conviction. *See Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009).

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs assessed. *See id.*. As modified, we affirm the judgment.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).

4