**Affirmed as Modified and Memorandum Opinion filed May 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01028-CR

---

### FREDDIE ORLANDO REYES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1228962**

---

## M E M O R A N D U M   O P I N I O N

Appellant Freddie Orlando Reyes pleaded guilty to murder and was sentenced to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, appellant contends there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. We modify the trial court's judgment to delete the specific amount of costs, and affirm the judgment as

modified.

In its judgment, the trial court ordered appellant to pay $280.00 in court costs. The clerk's record in this case contains a computer screen printout from the Harris County Justice Information Management System (JIMS), which shows court costs in appellant's case, which amount to $280.00.

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at 515, n. 1.

Article 103.001 provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

There is no evidence in the record that the computer screen printout in this record was presented to the trial judge before he included the specific dollar amount in the judgment. Therefore, we cannot consider the computer screen printout as an appropriate bill of costs in this case. *See Johnson*, 389 S.W.3d at 515, n.1.; *Jelks v. State*, No. 14-12-00509-CR; 2013 WL 638921 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013, pet. filed).

For these reasons, the record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $280.00 in court costs. The trial court did not err in ordering appellant to pay costs, as such is

mandated by the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 42.16. But the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs. *See id*. at 517. As modified, the judgment is affirmed.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3