**Affirmed as Reformed and Memorandum Opinion filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00874-CR

_____

**MIGUEL ANGEL SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1315362**

## M E M O R A N D U M   O P I N I O N

Appellant Miguel Angel Sanchez pleaded guilty to continuous sexual abuse of a child, and the trial court sentenced him to 45 years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as reformed.

In its judgment, the trial court ordered appellant to pay $580 in court costs. Appellant requested the district clerk include the bill of costs in the appellate record. The clerk's record does not contain a bill of costs. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

The State argues that there are numerous provisions in the Texas Code of Criminal Procedure authorizing various court costs to be paid by a defendant when convicted of a felony offense. The State suggests several specific articles of the Code of Criminal Procedure and three sections of the Local Government Code providing for fees that, if assessed against appellant, would add up to an amount of at least $580.[1] Therefore, the State maintains, the evidence is sufficient to support the $580 in court costs reflected in the judgment.

We have previously rejected this argument. In *Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed), we held that to affirm the judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to whether they were actually assessed—would be speculative. Moreover, without any indication in the record which specific fees or costs were actually assessed, a defendant has no way to challenge their correctness on appeal or as provided under article 103.008 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 103.008 (authorizing defendant to file a motion within one year after the date of the final disposition of a case in which costs were imposed to correct any error in

---

[1] *See* Tex. Code Crim. Proc. arts. 102.0045, 102.005, 102.011, 102.0169, 102.017 and Tex. Loc. Gov't Code §§ 133.102, 133.105, 133.107.

2

the costs).  *Id.*

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount.  *See Johnson*, 389 S.W.3d at 516.  Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's sole issue and reform the trial court's judgment to delete the specific dollar amount of costs assessed.  *See id*.; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

We reform the trial court's judgment to delete the listing of a specific amount of court costs and affirm the judgment as reformed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

3