**Affirmed as Reformed and Memorandum Opinion filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01103-CR

---

### JUAN CARLOS RAMIREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1215005**

---

## M E M O R A N D U M    O P I N I O N

Appellant Juan Carlos Ramirez pleaded guilty to theft of more than $100,000, but less than $200,000, and the trial court sentenced him to twenty years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the trial court's order that he pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as reformed.

In its judgment, the trial court ordered appellant to pay $345 in court costs.[1] Appellant requested the district clerk include the bill of costs in the appellate record. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

As in *Johnson*, it is undisputed that the record contains no bill of costs or any other evidence that would support the specific amount, $345, assessed in the judgment. *See id.* The clerk's record contains a printout of a computer screen from the Harris County Justice Information Management System (JIMS), entitled "J.I.M.S. Cost Bill Assessment," identifying $345 in court costs. The printout is signed by Christine Baldwin and dated March 22, 2013, more than three months after the court signed the judgment. This court has determined that a computer screen printout from JIMS that does not appear to have been brought to the attention of the trial court judge before she signed the judgment, is not an actual bill of costs as contemplated by article 103.001. *See Jelks v. State*, 397 S.W.3d 759, 760 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (concluding that a computer screen printout from JIMS signed by an unidentified individual, when printout was not presented to the trial judge, could not be considered an appropriate bill of costs); *Johnson*, 389 S.W.3d at 517, n. 1.; Tex. Crim. Proc. Code art. 103.001. While the computer screen printout bears a dated signature, the individual who signed the document is identified as a supervisor. The date on the

---

[1] The judgment contained in the clerk's record reflects that the specific dollar amount was changed from $295 to $345 after the judgment was signed, but before the record was filed. The change is initialed by "CB." Appellant included an appendix in his brief with a copy of what he purports is the original judgment reflecting $295 in court costs. The State, in its brief, asks this court to disregard the change made on the judgment. Because our disposition of the appeal does not rely on whether the amount was $295 or $345, and the clerk's record is the official record before this court, we will refer to the judgment in the clerk's record.

signature is the same date the deputy of the district clerk certified that it was a "true and correct copy of the original record filed and/or recorded in [the clerk's] office . . . as it appears on this date." However, no such "original record" existed in the clerk's record as of the time the appeal was filed, nor is there any evidence in the record that any such document was presented to or brought to the attention of the trial court before it included the specific dollar amount in the judgment. *See Jelks*, 397 S.W.3d at 760; *Johnson*, 389 S.W.3d at 517, n. 1. No other evidence in the record supports the specific dollar amount assigned as court costs. *See id.*

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's sole issue and reform the trial court's judgment to delete the specific dollar amount of costs assessed. *See id.*; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

We reform the trial court's judgment to delete the listing of a specific amount of court costs and affirm the judgment as reformed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.
Do Not Publish — TEX. R. APP. P. 47.2(b).