**Affirmed as Reformed and Memorandum Opinion filed November 14, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01069-CR

---

**DALEON DEMOND POTTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1340949**

---

## M E M O R A N D U M   O P I N I O N

Appellant Daleon Demond Potts pleaded guilty to aggravated robbery with a deadly weapon, and the trial court sentenced him to eight years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as reformed.

In its judgment, the trial court ordered appellant to pay $234 in court costs. Appellant requested the district clerk include the bill of costs in the appellate record. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

As in *Johnson*, it is undisputed that the record contains no bill of costs or any other evidence that would support the specific amount, $234, assessed in the judgment. *See id*. The clerk's record contains a printout of a computer screen from the Harris County Justice Information Management System (JIMS), entitled "J.I.M.S. Cost Bill Assessment," identifying $234 in court costs. The printout is unsigned and undated. This court has determined that an unsigned computer screen printout from JIMS that does not appear to have been brought to the attention of the trial court judge before she signed the judgment, is not an actual bill of costs as contemplated by article 103.001. *See Jelks v. State*, 397 S.W.3d 759, 760 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (concluding that a computer screen printout from JIMS signed by an unidentified individual, when printout was not presented to the trial judge, could not be considered an appropriate bill of costs); *Johnson*, 389 S.W.3d at 517, n. 1.; Tex. Crim. Proc. Code art. 103.001. The JIMS document does not bear a signature or a date, nor is there evidence in the record that it was presented to the trial court before the specific dollar amount was included in the judgment. Thus, the JIMS document cannot be considered an appropriate bill of costs. *See Jelks*, 397 S.W.3d at 760; *Johnson*, 389 S.W.3d at 517, n. 1. No other evidence in the record supports the specific dollar amount assigned as court costs. *See id.*

The State argues that there are numerous provisions in the Texas Code of

Criminal Procedure authorizing various court costs to be paid by a defendant when convicted of a felony offense. The State suggests several specific articles of the Code of Criminal Procedure and three sections of the Local Government Code providing for fees that, if assessed against appellant, would add up to an amount of at least $234.[1] Therefore, the State maintains, the evidence is sufficient to support the $234 in court costs reflected in the judgment.

We have previously rejected this argument. In *Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed), we held that to affirm the judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to whether they were actually assessed—would be speculative.

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's sole issue and reform the trial court's judgment to delete the specific dollar amount of costs assessed. *See id.*; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

We reform the trial court's judgment to delete the listing of a specific

---

[1] *See* Tex. Code Crim. Proc. arts. 102.0045, 102.005, 102.011, 102.0169, 102.017 and Tex. Loc. Gov't Code §§ 133.102, 133.105, 133.107.

amount of court costs and affirm the judgment as reformed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).