**Affirmed as Reformed and Memorandum Opinion filed December 5, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01138-CR

---

### EZEQUIEL FLORES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1303266**

---

## M E M O R A N D U M   O P I N I O N

Appellant Ezequiel Flores pleaded not guilty to aggravated assault with a deadly weapon. The jury convicted him and assessed punishment at twenty years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as reformed.

In its judgment, the trial court ordered appellant to pay $294 in court costs. Appellant requested the district clerk include the bill of costs in the appellate record. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

As in *Johnson*, it is undisputed that the record does not contain evidence that would support the specific amount, $294, assessed in the judgment. *See id*. The clerk's record contains a "Criminal Bill of Costs," which was prepared four months after the judgment was signed, identifying $294 in court costs. In *Johnson*, we held that when the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. 389 S.W.3d at 516. Further, this court has rejected documents as not being "appropriate" bills of cost when such documents do "not appear to have been brought to the attention of the trial court judge." *Latson v. State*, —S.W.3d—, No. 14-12-00559-CR, 2013 WL 4487544, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, no pet. h.); *see also Flores v. State*, — S.W.3d —, No. 14-12-00623-CR, 2013 WL 5470048, at *16 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, no pet. h.) (rejecting bill of costs prepared after the date of the judgment because there was no evidence the bill had been presented to the trial court prior to the dollar amount being included in the judgment.). While the "Criminal Bill of Costs" provides an "Assessed Date" of December 12, 2012, and bears a signature stamp by the district clerk, its "printout" date is April 10, 2013, which matches the date a deputy of the district clerk certified that it was a "a true and correct copy of the original record filed and/or recorded in [the clerk's] office . . . as it appears on this date." However, there is no evidence in the record that any such document was

presented to or brought to the attention of the trial court before it included the specific dollar amount in the judgment. *See Flores*, —S.W.3d— 2013 WL 5470048, at *16; *Latson*, —S.W.3d—, 2013 WL 4487544, at *3; *Johnson*, 389 S.W.3d at 515, n.1. No other evidence in the record supports the specific dollar amount assigned as court costs.

The State argues that there are numerous provisions in the Texas Code of Criminal Procedure authorizing various court costs to be paid by a defendant when convicted of a felony offense. The State suggests several specific articles of the Code of Criminal Procedure and three sections of the Local Government Code providing for fees that, if assessed against appellant, would add up to an amount of at least $294.[1] Therefore, the State maintains, the evidence is sufficient to support the $294 in court costs reflected in the judgment.

We previously have rejected this argument. In *Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed), we held that to affirm the judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to whether they actually were assessed—would be speculative.

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's sole issue and reform the trial court's judgment to delete the specific dollar amount of costs assessed. *See id.*; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex.

---

[1] *See* Tex. Code Crim. Proc. arts. 102.0045, 102.005, 102.011, 102.0169, 102.017 and Tex. Loc. Gov't Code §§ 133.102, 133.105, 133.107.

Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

We reform the trial court's judgment to delete the listing of a specific amount of court costs and affirm the judgment as reformed.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).