**Affirmed as Modified and Memorandum Opinion filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00254-CR

---

## ROBERT LEE KEGLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 405TH District Court
### Galveston County, Texas
### Trial Court Cause No. 10CR0196

---

## M E M O R A N D U M   O P I N I O N

Appellant Robert Lee Kegler pleaded guilty to assault causing bodily injury—family violence. In exchange for his guilty plea, the State agreed to recommend punishment of three years' deferred adjudication probation. On July 20, 2010, the trial court sentenced appellant, pursuant to the plea bargain agreement, to three years' deferred adjudication community supervision. On October 13, 2011, appellant entered a plea of true to the State's motion to

adjudicate guilt. The trial court, pursuant to a plea bargain agreement with the State, assessed appellant's punishment at five years' community supervision. On February 19, 2013, the trial court revoked appellant's community supervision and sentenced him to five years in prison. In a single issue on appeal, appellant contends the "trial court erred in allowing costs of court and attorney fees to be assessed against Appellant after the trial court had found him indigent." We modify the trial court's judgment to delete the specific amount of costs and attorney's fees in the 2013 judgment, and affirm the judgment as modified.

In the 2010 judgment on deferred adjudication, the trial court assessed $225.00 in court costs and $536.25 in attorney's fees. Appellant did not appeal the 2010 judgment. In the 2011 judgment adjudicating appellant's guilt, the trial court assessed "$145.00 + 65.00" in court costs and "$376.25 + 669.50" in attorney's fees. Appellant did not appeal the 2011 judgment.

In the 2013 judgment the trial court assessed "$210.00 + 87.00" in court costs and "$1045.75 + $ to be assessed" in attorney's fees. After appellant filed his brief in this case, the Galveston County District Clerk supplemented the clerk's record with an amended bill of costs reflecting court-ordered attorney's fees in the amount of $2,197.53. The amended bill of costs was prepared on October 4, 2013, almost six months after the trial court signed the judgment assessing costs and attorney's fees.

Appellant argues that the evidence is insufficient to support the assessment of costs and attorney's fees, and that the trial court failed to find appellant was no longer indigent.[1] Article 26.05(g) of the Texas Code of Criminal Procedure

---

[1] The State argues that appellant waived his complaint as to costs and attorney's fees contained in the 2010 judgment ordering deferred adjudication and the 2011 judgment adjudicating appellant's guilt and ordering community supervision. The appeal filed in this court is from the 2013 judgment only. To the extent it could be construed as an appeal from the earlier

provides trial courts with discretionary authority to order reimbursement of appointed attorney's fees when the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. Article 26.04(p) of the Texas Code of Criminal Procedure instructs that once a defendant is determined to be indigent there is a presumption that he is indigent for the remainder of the proceedings unless a material change in the defendant's financial circumstances occurs. The State concedes that appellant "has a valid insufficiency claim regarding the assessment of attorney fees assessed as a result of the hearing and judgment revoking community supervision." We have reviewed the record and agree with the State. Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering reimbursement of appointed attorney fees. *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010).

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. Moreover, this court has previously rejected a bill of costs prepared after the date of the judgment because there was no evidence the bill had been presented to the trial court prior to the dollar amount being included in the judgment. *Flores v. State*, — S.W.3d —, No. 14-12-00623-CR, 2013 WL 5470048, at *16 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, no pet. h.).

The trial court did not err in ordering appellant to pay court costs, as such

judgments, we hold appellant waived his right to appeal the 2010 and 2011 judgments. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (holding that a defendant placed on deferred adjudication community supervision may raises issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed).

costs are mandated by law, but the court did err in entering a specific dollar amount of costs and attorney's fees without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of attorney's fees or of a specific dollar amount of costs, we sustain appellant's sole issue and modify the trial court's 2013 judgment to delete the specific dollar amount of costs and the assessment for attorney's fees. *See id*.; *see also Mayer v. State*, 309 S.W.3d at 554–56.

As modified, the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).