**Affirmed as Modified and Memorandum Opinion filed January 14, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00769-CR

---

### CURTIS JAMES PRITCHARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1804094**

---

## M E M O R A N D U M   O P I N I O N

Appellant Curtis James Pritchard appeals following his conviction for assault of a family member. In two issues, appellant contends (1) expert testimony regarding the "cycle of violence" should not have been allowed over objection; and (2) the judgment reflects court costs that are not supported by the record. We sustain appellant's second issue. Finding no reversible error in his remaining issue, we modify the trial court's judgment to delete the specific amount of court costs,

and affirm the judgment as modified.

## I. Background

The complainant initialed a handwritten statement on January 15, 2012, stating that she and appellant "had a disagreement" on that date. She stated that appellant hit her in her face, shoulders, and neck. As she attempted to leave with her children, he physically prevented her from leaving. Her daughter went into the bathroom and called 911. She stated she left and went to a friend's house because she did not feel safe. At trial, the complainant denied that appellant assaulted her.

Harris County Sheriff's Deputy Manuel Martinez responded to a call of a domestic disturbance on January 15, 2012. When he arrived at the address given to him by dispatch he learned that the complainant, Carla Thompson, had gone to the apartment of her sister or a friend. When he arrived at the second apartment, he found the complainant with an open wound on her nose, and swelling and bruising to the left side of her face. The complainant told Martinez that she and appellant, her boyfriend, had gotten into an altercation in which he struck her and pushed her to the floor. The complainant's nine-year-old daughter locked herself in the bathroom and called 911. The complainant signed a sworn affidavit explaining what had happened.

Deputy Martinez spoke with the nine-year-old daughter who reported that appellant and the complainant began arguing. She saw appellant grab the complainant and push her to the ground. At that moment, the daughter took the telephone into the bathroom and dialed 911.

Claudia Aguirre, a caseworker for the Family Law Division of the Harris County District Attorney's Office, testified that she works primarily with victims of domestic violence. She has an undergraduate degree in psychology and a

2

master's degree in social work. Aguirre testified that the majority of the victims with whom she works do not want to "follow through" with charging the persons accused of assaulting them. Aguirre testified that most victims of domestic violence fall into three categories: (1) those who are compliant and press charges, (2) those who minimize the event, and (3) those who recant the charge. During Aguirre's testimony, the prosecutor asked about the "cycle of violence":

> Q. [by the prosecutor]: And can you explain what the cycle of violence means?
>
> A. The cycle of violence —
>
> MR. HERNANDEZ [defense counsel]: Objection, Your Honor, on the relevancy.
>
> THE COURT: Overruled.
>
> A. The cycle of violence basically is what we call — I wish I would have brought something to show you. But it's more like, if you can just picture, it's a circle. And in that circle, we have the honeymoon phase, we have tension phase, and then we have the battering phase.
>
> Unfortunately, for some people who don't know the dynamics of domestic violence, will simply see it as, "Okay, you know, there's a time to be together, there's a time to have tension, and then there's the actual time to be — well, battered." That's what you call it, the battered phase.
>
> But within those — within those — I would say within those categories, there are certain dynamics that, as professionals who deal with domestic violence victims will know there is the whole waiting period of "How soon will the next incident happen."

Aguirre then explained that it is common for a victim of domestic violence to return to the home in which she was assaulted because "the batterer is the breadwinner of the house, if the batterer is the father of their children, if perhaps they are doing it out of fear, like I said before, or even out of embarrassment[.]" Aguirre testified that based on her training and experience, she does not find it surprising that "women who have been part of this domestic — of this cycle of

3

violence actually go back to the person who allegedly assaulted them before[.]"

Aguirre testified that she had worked in the Family Law Division of the Harris County District Attorney's Office for five years. In that time she has worked with approximately 3000 victims of domestic violence. The jury subsequently convicted appellant, and the court assessed punishment at confinement for one year in the Harris County Jail.

## II. Analysis

### A. Admission of Expert Testimony

In his first issue, appellant argues that expert testimony regarding the "cycle of violence" should not have been allowed over objection. At trial, appellant objected only to the relevance of the cycle of violence testimony. On appeal, appellant challenges relevance as to that testimony, but also argues the State improperly used Aguirre's testimony to bolster other witnesses' testimony.

Texas courts have found expert testimony concerning the dynamics of domestic violence admissible as reliable and relevant under Rule of Evidence 702. *See Brewer v. State*, 370 S.W.3d 471, 474 (Tex. App.—Amarillo 2012, no pet.) (finding testimony discussing three phases of domestic violence cycle: (1) tension building, (2) acute explosion, and (3) the honeymoon, admissible to assist the jury to understand the victim's delay in calling the police); *Dixon v. State*, 244 S.W.3d 472, 480 (Tex. App.—Houston [14h Dist.] 2007, pet. ref'd) (police officer trained and experienced in family violence permitted to testify as expert on behavior of victims of family violence); *Scugoza v. State*, 949 S.W.2d 360, 363 (Tex. App.—San Antonio 1997, no pet.) (holding admissible testimony by program services director of county women's shelter describing cycle of spousal abuse, including "honeymoon stage").

Aguirre's testimony in this case was both relevant and reliable because it consisted of specialized information valuable to assist the jury in understanding why the complainant recanted her previous statement.

Appellant did not object--as bolstering—or on any basis to the testimony that the complainant was "minimizing." To the extent that appellant is making that argument on appeal, it was waived by the failure to object.

We overrule appellant's first issue.

## B. Court Costs

In his second issue appellant contends there is insufficient evidence to support $342 in court costs assessed against him in the judgment. In its judgment, the trial court ordered appellant to pay $342 in court costs. Appellant requested that the district clerk include the bill of costs in the appellate record. The clerk's record does not contain a bill of costs. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's second issue and modify the trial court's judgment to delete the specific dollar amount of costs assessed. *See id*.; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

5

## III. CONCLUSION

Having sustained appellant's second issue, we modify the judgment to delete the specific amount of court costs. Having found no reversible error otherwise, we affirm the judgment as modified.


/s/    Marc W. Brown
Justice


Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

6