Opinion issued July 11, 2013.



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-12-00642-CR**
**NO. 01-12-00643-CR**

————————————

**JOSPEH CORDELL MOUTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 337th District Court
Harris County, Texas
Trial Court Case Nos. 1263241 and 1273691

**MEMORANDUM OPINION**

Joseph Cordell Mouton pleaded guilty to evading arrest with a motor vehicle[1] and aggravated robbery.[2] The trial court assessed punishment at two years' confinement for evading arrest, and twelve years' confinement for aggravated robbery, with the sentences to run concurrently. In a single issue, Mouton contends that the evidence is insufficient to support the trial court's costs assessments of $799 in the evading arrest case and $414 in the aggravated robbery case.

## Background

Mouton pleaded guilty to evading arrest with a motor vehicle and was placed on two years' deferred adjudication and assessed a $300 fine. Several months later, he was indicted for aggravated robbery and pleaded guilty to that charge. The State then filed a motion to adjudicate guilt in the evading arrest case; Mouton pleaded true to the allegations in the motion. The trial court found Mouton guilty of evading arrest and aggravated robbery, and assessed punishment of two years' confinement and a $300 fine for evading arrest and twelve years' confinement for aggravated robbery, with the sentences to run concurrently. The

---

[1]     *See* TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2012); *see also* Act of May 7, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen Laws 4385, 4386 (providing that offense is state jail felony if "actor uses a vehicle while the actor is in flight").

[2]     *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

judgment in the evading arrest case assessed court costs of $799. The judgment in the aggravated robbery case assessed court costs of $414.

In each appeal, Mouton filed a "designation of clerk's record" in which he requested the district clerk to include "[t]he bill of costs reflecting all fees and costs assigned to Defendant post-conviction." Neither clerk's record originally contained a bill of costs. After Mouton filed his brief, a supplemental clerk's record containing a "J.I.M.S. Cost Bill Assessment" was filed in the evading arrest case. In the aggravated robbery case, we ordered the district clerk's office to supplement the record with a bill of costs. A supplemental clerk's record containing a "Criminal Bill of Costs" then was filed.

## Court Costs

Mouton contends that, without a certified bill of costs as part of the record in either case, the evidence is insufficient to support the court costs assessments. He also asserts that the record contains "no other documentation or evidence" to support the assessments of court costs recited in the judgments. He requests reformation of each judgment to delete the court costs.[3] The State argues that

---

[3] Mouton relies on *Johnson v. State*, 389 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2012, pet. granted). In *Johnson*, the Fourteenth Court of Appeals concluded that the trial court erred in ordering payment of costs in a specific amount absent support in the record for that amount. *Id.* at 516. The court also concluded that it could not presume the assessment of costs in the judgment was accurate "[i]n the face of a sufficiency challenge, an order to supplement the record, and a complete lack of evidence" to support the trial court's assessment. *Id.* at 517. When ordered to supplement the record with a bill of costs or provide a certified statement that

3

Mouton's claim is not ripe for review. The record in each cause has been supplemented with a bill of costs that itemizes costs assessed against Mouton.[4]

## A. Standard of review

Sufficient evidence must support an assessment of costs in a bill of costs or in a judgment. *See Mayer v. State,* 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that factual predicate for assessment of court costs included in bill of costs must be supported by sufficient evidence); *Thomas v. State,* No. 01-12-00487-CR, 2013 WL 1163980, at *3–4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (holding that trial court record demonstrated facts and circumstances sufficient to justify assessment of costs); *Owen v. State,* 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, no pet.) (holding assessment of costs authorized by statute and supported by record constitutes sufficient evidence). We review the record in the light most favorable to the award in measuring the sufficiency of the evidence to support an assessment of costs. *See Mayer,* 309 S.W.3d at 557.

---

no such bill existed in the case file, the district clerk initially filed an affidavit stating that the record in the case did not include a bill of costs. *Id.* at 515. The appellate court declined to consider a later-filed document that itemized costs. *Id.* at 515 n.1.

[4] Mouton did not supplement, or request leave to supplement, his brief after the supplemental clerk's records were filed and does not challenge any specific cost assessed against him.

**B.    Ripeness**

The State asserts that Mouton's complaint is not ripe for appellate review because bills of costs had not been produced at the time of the parties' briefs, Mouton has not been asked to pay the costs and is not required to pay the court costs until a bill of costs has been produced, and he failed to give the trial court an opportunity to explain the assessed costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006) (providing that cost is not payable by person charged until bill of costs is produced or ready to be produced). The ripeness doctrine protects against judicial interference until a decision has been formalized and its effects felt in a concrete way by the challenging parties. *State ex rel. Watkins v. Creuzot,* 352 S.W.3d 493, 504 (Tex. Crim. App. 2011). To determine whether an issue is ripe for adjudication, we evaluate "'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S. Ct. 1507, 1515 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980 (1977)).

Our Court has previously considered and rejected the State's arguments on ripeness. *See Nelson v. State*, No. 01-11-01054-CR, 2013 WL 1858921, at *3 (Tex. App.—Houston [1st Dist.] May 2, 2013, no pet. h.) (mem. op., not designated for publication). The record in both appeals has been supplemented with a bill of costs. A certified bill of costs imposes an obligation upon a criminal defendant to pay

5

court costs, regardless of whether that bill is incorporated by reference into the written judgment. *See id.*; *see also Johnson v. State*, 389 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2012, pet. granted) (concluding that issue was ripe for review because judgment ordered payment of costs "and could be acted upon in an attempt to collect the specified amount").

The State also suggests that the issue is not ripe because section 501.014(e) of the Government Code requires the trial court to issue a notification of withdrawal before funds may be withdrawn from an inmate account. *See* TEX. GOV'T CODE ANN. § 501.014(e) (West 2012).[5] But section 501.014(e) also indicates that a withdrawal notification can be issued to pay "in full . . . all orders for court fees and costs." *Id.* at § 501.014(e)(4). Because the amount of costs ordered in the judgment may serve as a basis to issue a withdrawal notification, and bills of costs have been produced, we have previously held that a challenge to the portions of the judgments ordering payment of costs is ripe for appellate review. *See Nelson*, 2013 WL 1858921, at *3 (concluding that issue regarding bill

---

[5] The State also cites article 103.0033 of the Code of Criminal Procedure, titled "Collection Improvement Program," which requires the Office of Court Administration to make available on the office's website requirements for a program to improve collection of court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.0033(g) (West Supp. 2012). The third step in the program—"Always Notify the Offender"—is part of "the recommended procedure for withdrawal of criminal court costs . . . from an offender's Inmate Trust Account."

of costs was ripe for review although notification to withdraw costs from inmate funds must issue before funds are withdrawn).

Additionally, the State suggests that Mouton's claim is not reviewable on direct appeal, citing article 103.008 of the Code of Criminal Procedure, which provides that a defendant has one year after the date of the final disposition of his case in which costs were imposed to file a motion seeking to correct any error in the costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2006). Again, we have previously held that the availability of additional or alternative remedies does not negate the ripeness of Mouton's direct appellate challenge to costs assessed in the judgment. *See Nelson*, 2013 WL 1858921, at *3 (concluding that availability of other remedies did not preclude review); *see also Johnson*, 389 S.W.3d at 517 (stating that section 103.008(a) "does not explicitly or implicitly limit an appellant's ability to challenge the sufficiency of the evidence to support a part of the court's judgment").

## C. Sufficiency of evidence to support assessments of costs

### 1. Assessment of costs

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees, which vary depending on the type of offense, the underlying facts, and the procedural history of the case. *See* TEX. LOC. GOV'T CODE ANN. § 133.102 (providing for payment of listed court costs on conviction);

7

TEX. GOV'T CODE ANN. § 102.021 (West 2013) (providing for payment of court costs under Code of Criminal Procedure on conviction); *Owen,* 352 S.W.3d at 546 n.5 (providing list of Texas statutes requiring convicted persons to pay costs and fees). The district clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE. CRIM. PROC. ANN. art. 103.009(a)(1) (West 2006). If a criminal action is appealed, an officer of the court must certify and sign a bill of costs and send it to the court to which the action is appealed. *Id.* at art. 103.006.

### 2. Costs in evading arrest case (cause no. 01-12-00642-CR)

After Mouton filed his brief, a supplemental clerk's record that included a document entitled "J.I.M.S. Cost Bill Assessment" was filed with the Court. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 n.6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (concluding that JIMS "Cost Bill Assessment" contained in supplemental clerk's record satisfied TEX. CODE CRIM. PROC. ANN. art. 103.001 requirements for bill of costs); *Thomas*, 2013 WL 1163980, at *3 (same). This assessment lists the $300 fine and cost items of $499, totaling $799. The record demonstrates that Mouton was convicted of a state jail felony offense in district court, supporting each of the following fees and costs listed in the cost bill assessment:

- $40 "clerk's fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) ("A defendant convicted of an offense in . . . a district

court shall pay for the services of the clerk of the court a fee of $40.”));

- $5 “security fee” (*See id.* at art 102.017(a) (West Supp. 2012) (“A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.”));

- $133 “consolidated court costs” (*See* TEX. LOC. GOV’T CODE ANN. § 133.102(a)(1) (West Supp. 2012) (entitled “Consolidated Fees on Conviction” and providing, “A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . . .”));

- $4 “jury reimbursement fee” (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012) (“A person convicted of any offense . . . shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.”));

- $25 “DC records preservation” (*See id.* at art. 102.005(f) (West 2006) (“A defendant convicted of an offense in . . . a district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.”));

- $2 “support of indigent defense” (*See* TEX. LOC. GOV’T CODE ANN. § 133.107(a) (West Supp. 2012) (“A person convicted of any offense . . . shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.”));

- $6 “support of judiciary fee” (*See id.* at § 133.105(a) (West 2008) (“A person convicted of any offense . . . shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.”)); and

- $4 “court technology fund” (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp.2012) (“A defendant convicted of a criminal

offense in a . . . district court shall pay a $4 . . . district court technology fee.")).

The bill of costs also lists a sheriff's fee of $280. The record supports assessment of each of the costs constituting the sheriff's fee, as follows:

- $85 "summoning 17 witnesses/mileage" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(3) (West Supp. 2012) ("A defendant convicted of a felony or a misdemeanor shall pay . . . $5 for summoning a witness."));

- $20 "commitment" and $20 "release" (*See id.* at art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . ."));

- $5 "arrest without warrant or capias" (*See id.* at art. 102.011(a)(1) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 . . . for making an arrest without a warrant . . . .")); and

- $150 for "serving capias" (*See id.* at art. 102.011(a)(2) ("A defendant convicted of a felony . . . shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias . . . ."); art. 102.011(e) ("A fee under Subsection . . . (a)(2) . . . shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each arrest made of a defendant arising out of the offense for which the defendant has been convicted."))

The bill of costs also includes the $300 fine imposed against Mouton. *See* TEX. PENAL CODE ANN. § 12.35(b) (West Supp. 2012) (providing that person adjudged guilty of state jail felony may be punished by fine not to exceed $10,000). A $300 fine is recited in the judgment, creating a presumption of

10

regularity absent direct proof to the contrary. *See Williams v. State*, 332 S.W.3d 694, 699–700 (Tex. App.—Amarillo 2011, pet. denied) (citing *Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002)). The record supports inclusion of the $300 amount in the bill of costs. *See id.* at 700 (concluding that "trial court's file" confirmed that appellant was assessed $500 fine and, thus, that amount was "lawfully contained in the Bill of Costs").

The fine and costs listed in the cost bill assessment total $799, the amount assessed in the judgment. We conclude that the record supports court costs in the amount of $799 in the evading arrest case.

### 3. Costs in aggravated robbery case (cause no. 01-12-00643-CR)

In the aggravated robbery case, we ordered the district court clerk to file a supplemental clerk's record containing a certified and signed bill of costs. *See* TEX. R. APP. P. 34.5(c)(1) (authorizing court of appeals to direct trial court clerk to supplement record with any relevant, omitted item); *Cardenas,* 2013 WL 1164365, at *4 (holding that it is appropriate for appellate court to order supplementation of record with bill of costs and reviewing bill of costs created after judgment and contained in supplemental clerk's record). In response, the district clerk provided a supplemental clerk's record that contains a "Criminal Bill of Cost," itemizing costs imposed on Mouton in the amount of $414. We conclude that the record

11

demonstrates that Mouton pleaded guilty to a first-degree felony, supporting each

of the following costs listed in the bill of costs.

- $40 "District Clerk's Fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40."));

- $5 "Security Fee" (*See id.* at art 102.017(a) (West Supp. 2012) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court."));

- $133 "Consolidated Court Cost" (*See* TEX. LOC. GOV'T CODE § 133.102(a)(1) (West Supp. 2012) (entitled "Consolidated Fees on Conviction" and providing, "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . . ."));

- $4 "Jury Reimbursement Fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as

- $25 "DC Records Preservation" (*See id.* at art. 102.005(f) (West 2006) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code."));

- $2 "Support of Indg Defense" (*See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2012) ("A person convicted of any offense . . ., shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code."));

- $6 "Support Judiciary Fee" (*See id.* at § 133.105(a) (West 2008) ("A person convicted of any offense, . . ., shall pay as a court cost, in

12

addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary."); and

- $4 "Court Technology Fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2012) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 . . . district court technology fee.")).

The bill of costs also lists a sheriff's fee of $195. The record supports assessment of the following costs included in the sheriff's fee:

- $20 "Commitments" and $20 "Release" (*See id.* at art. 102.011(a)(6) ("A defendant convicted of a felony . . . shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . ."));

- $5 "Arrest w/o Warrant/Capias" (*See id.* art. 102.011(a)(1) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 . . . for making an arrest without a warrant . . . .")); and

- $150 for "Serving Capias" (*See id.* at art. 102.011(a)(2) ("A defendant convicted of a felony . . . shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias . . . ."); art. 102.011(e) ("A fee under Subsection . . . (a)(2) . . . shall be assessed on conviction, regardless of whether the defendant was also arrested at the same time for another offense, and shall be assessed for each arrest made of a defendant arising out of the offense for which the defendant has been convicted.")).

The costs listed in the bill of costs total $414, the amount assessed in the judgment. We conclude that the record supports court costs in the amount of $414 in the aggravated robbery case.

## Conclusion

We overrule Mouton's issue on appeal and affirm the portion of the trial court's judgments assessing costs in the evading arrest and the aggravated robbery cases.


Harvey Brown
Justice

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).