**Affirmed as Modified and Opinion filed February 21, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00509-CR

_____

### REYNALDO LAFAYETTE JELKS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1247846**

## O P I N I O N

This is an appeal about court costs. Appellant Reynaldo Lafayette Jelks pleaded guilty to failure to comply with sex offender registration, and the trial court sentenced him to five years in prison. In a single issue on appeal, appellant contends that there is insufficient evidence in the record to support the court's order that he pay a particular amount in court costs. We reform the trial court's judgment to delete the specific amount of costs, and affirm the judgment as

modified.

In its judgment, the trial court ordered appellant to pay $275 in court costs. The original clerk's record filed with this court did not contain a bill of costs. A supplemental clerk's record was filed containing a computer screen printout from the Harris County Justice Information Management System (JIMS). It shows court costs in appellant's case, which amount to $275.

In *Johnson v. State*, ___ S.W.3d ___, No. 14-11-00693-CR, 2012 WL 4878803, at *3 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that an unsigned computer screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at *2, n. 1.

In this case, appellant objected to the computer screen printout in the supplemental clerk's record because it does not comply with article 103.001. Article 103.001 provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

While the computer screen printout bears a dated signature, the individual who signed the document is not identified. Nothing in the record shows whether the person who signed the printout is an officer who charged the cost or an officer who is entitled to receive payment for the cost. Further, there is no evidence in the record that this computer screen printout was presented to the trial judge before he included the specific dollar amount in the judgment. Therefore, we cannot

2

consider the computer screen printout as an appropriate bill of costs in this case. *See Johnson*, 2012 WL 4878803, at *2 n.1.

For these reasons, the record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $275 in court costs. The trial court did not err in ordering appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. But the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 2012 WL 4878803, at *3.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of costs. *See id*. at *5. As modified, the judgment is affirmed.

/s/    J. Brett Busby
Justice

Panel consists of Justices Frost, Brown, and Busby.

Publish — Tex. R. App. P. 47.2(b).