**Affirmed as Modified and Memorandum Opinion filed July 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00775-CR

---

### JOHN WOODS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1331540**

---

## M E M O R A N D U M   O P I N I O N

Appellant, John Woods, appeals his conviction for aggravated assault with a deadly weapon. In two issues, appellant contends (1) the trial court erred by admitting certain evidence, and (2) the evidence is insufficient to support the specific amount of court costs assessed in the judgment. We modify the judgment to delete the specific amount of court costs and affirm as modified.

# I.   BACKGROUND

According to the State's evidence, appellant purchased a truck from complainant.  They agreed appellant would not drive the truck until he had paid all monthly installments.  On December 27, 2011, complainant encountered appellant in a lot where he had moved the truck and confronted him about not driving it.  During the confrontation, appellant stabbed complainant three times with a knife.

The trial testimony was conflicting regarding which party instigated the incident.  Complainant testified he sat in the truck and started the ignition because appellant wanted to demonstrate some mechanical work he had performed; while complainant was seated in the truck, appellant stabbed him.  In contrast, appellant testified he reached inside to prevent complainant from driving away in the truck; complainant struck appellant, and complainant's friends attacked appellant with a cane, so appellant stabbed complainant.

After the incident, complainant drove home alone in his own vehicle and lost consciousness while still in the vehicle in front of his home.  Complainant's relatives found him and called 9-1-1.  Complainant eventually regained consciousness in the hospital, where he was treated for a collapsed lung from a stab wound.  Appellant surrendered to the police later that evening.

A jury convicted appellant of aggravated assault with a deadly weapon, thereby rejecting his self-defense claim.  The trial court sentenced appellant to ten years' confinement and assessed $279 as court costs in the judgment.

## II. ADMISSION OF EVIDENCE

In his first issue, appellant contends the trial court erred by admitting the recording of a 9-1-1 call.  At trial, the State offered recordings of three 9-1-1 calls.  Appellant objected to all of the recordings on the ground their probative value was

substantially outweighed by the danger of unfair prejudice. The trial court sustained the objection to two of the recordings but admitted one recording.

Although relevant, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Tex. R. Evid. 403. "Unfair prejudice," as used in Rule 403, refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Evidence might be unfairly prejudicial if, for example, it arouses the jury's hostility or sympathy for one side without regard to the logical probative force of the evidence. *Id.*

When conducting a Rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered evidence, along with (2) the proponent's need for the evidence, against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Id.* at 641–42. "Of course, these factors may well blend together in practice." *Id.* at 642.

The trial court is not required to announce its conclusions relative to the balancing test on the record; when, as in the present case, the record is silent, we presume the trial court conducted the balancing test once Rule 403 was invoked. *Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997). We review the trial court's ruling on a Rule 403 objection for abuse of discretion. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). The trial court abuses its

discretion only when its decision lies outside the zone of reasonable disagreement. *See id.* at 440.

Appellant argues the only purpose for presenting the "emotionally charged" 9-1-1 recording was to impress the jury in an irrational way by allowing it to consider the emotional effect of complainant's injuries on his family rather than the evidence. Appellant emphasizes it was undisputed he stabbed complainant and the call did not establish any material fact.

However, the call is not "emotionally charged" to the extent suggested by appellant or otherwise inflammatory. The call, made by complainant's cousin named "Kim," is approximately four minutes long. Kim does sound excited, but her state seems consistent with any reasonable person who has found, and is tending to, a severely injured person. The recording primarily consists of (1) Kim reporting complainant had been shot, then realizing he had been stabbed, and stating he was "bleeding everywhere"; (2) followed by a discussion of complainant's injuries and Kim relaying the dispatcher's medical advice to others at the scene and also asking "who stabbed him?" Background voices on the recording are mostly muffled. We conclude the trial court acted within its discretion by determining the recording would not cause the jury to improperly decide the case on an emotional, instead of evidentiary, basis. *See Sierra v. State*, 157 S.W.3d 52, 63 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007) (holding recording of 9-1-1 call was admissible over Rule 403 objection where callers, who had recently fled murder scene, were "excited and distraught" but did not display such emotion as to inflame jurors to act on emotion rather than evidence).

Moreover, the trial court acted within its discretion by determining the recording was admissible to provide a framework for the State to develop its case.

4

Because complainant lost consciousness after arriving at his home, he could not provide full information regarding events after the incident. The recording assisted in completing a timeline of the entire incident by providing information regarding events between the stabbing and complainant's hospitalization. *See Estrada v. State*, 313 S.W.3d 274, 300 (Tex. Crim. App. 2010) (upholding admissibility of 9-1-1 recording which featured murder victim's relatives crying and screaming in background and attempting to administer first aid because it "provide[d] a framework within which the particulars of the State's evidence could be developed" even if recording "did not of itself establish any material fact not otherwise proven in the balance of the State's case").

In summary, the trial court did not abuse its discretion by determining the probative value of the recording was not substantially outweighed by the danger of unfair prejudice. Accordingly, we overrule appellant's first issue.

### III. COURT COSTS

In his second issue, appellant contends the evidence is insufficient to support the amount of court costs he was ordered to pay.

The Texas Code of Criminal Procedure requires the trial court to "adjudge the costs against the defendant . . . ." Tex. Code Crim. Proc. Ann. art. 42.16 (West 2006). However, our court has held a trial court errs by entering a specific amount of costs in the judgment without support in the record for that amount. *Johnson v. State*, 389 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2012, pet. granted); *see Rogers v. State*, --- S.W.3d ----, No. 14-12-00182-CR, 2013 WL 2442194, at *8 (Tex. App.—Houston [14th Dist.] June 6, 2013, pet. filed); *Jelks v. State*, 397 S.W.3d 759, 759–60 (Tex. App.—Houston [14th Dist.] 2013, pet. filed).

Article 103.001 of the Texas Code of Criminal Procedure provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

Tex. Code Crim. Proc. Ann. art. 103.001 (West 2006). The record in the present case does not contain a bill of costs complying with article 103.001. Although appellant requested that any bill of costs be included in the clerk's record, there is no such document in the original clerk's record. The supplemental record contains a document which the clerk listed, on the index of the record, as "Bill of Cost." However, the document is a "Justice Information Management System ["JIMS"] Cost Bill Assessment," reflecting the costs amount to $279. Our court has held that a JIMS screen printout does not constitute an appropriate bill of costs under article 103.001, without the signature of an officer specified in article 103.001; and regardless, the printout will not support a specific amount of costs in the judgment absent proof the printout was presented to the trial court before it entered the amount. *See Jelks*, 397 S.W.3d at 759–60; *Johnson*, 389 S.W.3d at 515 n.1. The JIMS printout in the present case is not signed. There is no indication the printout was presented to the trial court before it entered $279 as the amount of costs on the judgment.

The State responds by citing two provisions in the Code of Criminal Procedure. Article 103.009 provides the clerk of the court, as well as other entities, shall maintain a fee record, containing a statement of each fee or cost charged for services in a criminal action, which can be inspected by any person. *See* Tex. Code Crim. Proc. Ann. art. 103.009(a)–(b) (West 2006). Article 103.008(a) provides, "On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed,

the court in which the case is pending or was last pending shall correct any error in the costs." *Id.* art. 103.008(a) (West 2006). The State contends the procedure prescribed in article 103.008(a) is the proper method to challenge costs and appellant may not raise this unpreserved error via a sufficiency challenge. A defendant may challenge the amount of costs via a sufficiency point on direct appeal. *See Johnson*, 389 S.W.3d at 515–17; *see also Rogers*, --- S.W.3d ----, 2013 WL 2442194, at *8; *Jelks*, 397 S.W.3d at 759–60.

Alternatively, the State cites ten provisions of the Code of Criminal Procedure and three sections of the Local Government Code, outlining various court costs to be paid by a defendant when convicted of a felony offense. The State suggests these costs, if assessed against appellant, would support the $279 reflected in the judgment. We disagree, and our court has previously rejected this argument:

> To affirm the judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to whether they were actually assessed—would be speculative. Moreover, without any indication in the record which specific fees or costs were actually assessed, a defendant has no way to challenge their correctness on appeal or as provided under article 103.008 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 103.008 . . . . We therefore reject the State's argument that the record supports the [specific amount entered] in costs assessed in [the appellant's] judgment merely because the trial court is authorized to impose applicable costs which, in some hypothetical combination, would equal or exceed the total amount of costs actually assessed in the judgment.

*Rogers*, --- S.W.3d ----, 2013 WL 2442194, at *8.

In summary, the trial court did not err by ordering appellant to pay court costs but erred by entering $279 as the costs absent support for that amount in the

record.  *See id.*; *Jelks*, 397 S.W.3d at 759–60; *Johnson*, 389 S.W.3d at 516–17. We sustain appellant's second issue.

We modify the trial court's judgment to delete the specific amount of costs assessed and affirm the judgment as modified.


/s/     John Donovan
        Justice


Panel consists of Justices Frost, Boyce, and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

8