**Affirmed as Modified and Opinion filed August 22, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00559-CR

---

### ANTHONY TERRELL LATSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1348603**

## O P I N I O N

Appellant Anthony Terrell Latson appeals his aggravated-robbery conviction, contending that the trial court committed fundamental error by making comments during voir dire on the meaning of "beyond a reasonable doubt." Appellant also challenges the trial court's order that appellant pay court costs that are not supported by the record. We modify the trial court's judgment to delete the specific amount of costs and affirm the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the felony offense of aggravated robbery, which was enhanced with one prior felony conviction. Appellant pleaded "not guilty." The jury found appellant guilty and assessed appellant's punishment at seventy-five years' confinement and a fine of $7,500. The judgment contains a handwritten notation assessing $409 in court costs. In two issues, appellant now challenges his conviction and the assessment of these costs.

## II. ISSUES AND ANALYSIS

### A. Did the trial court commit fundamental error by making comments during voir dire regarding the meaning of "beyond a reasonable doubt?"

In his first issue, appellant asserts that the trial court committed fundamental error by making comments during voir dire regarding the State's burden of proof that appellant asserts tainted the presumption of innocence. Appellant refers to the following comments by the trial court:

> Now, I've told you that the State has the burden of proof beyond a reasonable doubt. Any idea what beyond a reasonable doubt is? Good, because you know what, the Courts haven't defined what beyond a reasonable doubt is. Several years ago the Court of Appeals tried to come up with a definition that lawyers could use in criminal cases, and they ultimately decided that it wasn't appropriate for them to define beyond a reasonable doubt. Because beyond a reasonable doubt is that kind of proof that *proves to you individually kind of in your heart, in your mind* that the Defendant is guilty; and it's impossible to really define that. I can tell you what it isn't; it's not proof beyond all possible doubt. . . [1]

According to appellant, by these comments, the trial court defined reasonable doubt as simply what is in each juror's "heart."

---

[1] Emphasis added.

Appellant did not object to these comments during voir dire, but appellant asserts on appeal that these comments tainted the presumption of innocence and, thus, amount to fundamental error. Appellant relies upon the statements to this effect in the plurality opinion in *Blue v. State*. *See* 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.). The plurality opinion in *Blue* is not binding precedent. *See Pearson v. State*, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999); *Murchison v. State*, 93 S.W.3d 239, 262 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Nonetheless, we presume, without deciding, that the trial court's comments would constitute fundamental error if they tainted the presumption of innocence.

The trial court's comments did not indicate that appellant was guilty or apply the burden of proof to facts of the case. In these statements the trial court did not shift the burden of proving appellant's guilt from the State to appellant, nor did the trial court say that the jurors should follow their hearts and ignore the instructions in the court's charge. We conclude that the trial court's comments did not taint the presumption of innocence. *See Jasper v. State*, 61 S.W. 3d 413, 421 (Tex. Crim. App. 2001) (concluding that trial court's comments did not taint the presumption of innocence); *Haro v. State*, 371 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (concluding that trial court's comments during voir dire did not taint presumption of innocence in case in which trial court stated that reasonable doubt is what the individual juror believes it to be); *Ganther v. State*, 187 S.W.3d 641, 650–51 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (concluding that trial judge's comments during voir dire did not rise to the level of tainting the presumption of innocence).

Appellant cites no Texas cases in which the court held that the trial court's statements during voir dire regarding the meaning of reasonable doubt tainted the presumption of innocence. In *Fuentes v. State*, the trial judge made a comment

before the jury indicating that the defendant was guilty beyond a reasonable doubt if "based upon your evaluation of that evidence if you do not believe in your heart and in your conscience, based upon your evaluation of that evidence, that the defendant is, in fact, guilty of the offense." *See* 991 S.W.2d 267, 273 (Tex. Crim. App. 1999). The Court of Criminal Appeals concluded that appellant waived any error by failing to object to the trial court's comments, thus indicating that these comments were not fundamental error. *See id.* This precedent provides some support for the conclusion that the trial court's comments in the case under review do not constitute fundamental error.

For the foregoing reasons, we conclude that the trial court did not commit fundamental error by making these comments during voir dire. *See Jasper*, 61 S.W.3d at 421; *Fuentes*, 991 S.W.2d at 273; *Haro*, 371 S.W.3d at 266; *Ganther*, 187 S.W.3d at 650–51. Accordingly, we overrule appellant's first issue.

**B.      Did the trial court err by requiring appellant to pay court costs that are not supported by the record?**

In his second issue, appellant asserts there is insufficient evidence to support the specific amount of court costs assessed in the trial court's judgment. The trial court ordered appellant to pay $409 in court costs. As a preliminary matter, we consider the State's argument that appellant's complaint is not ripe because appellant is not required to pay the court costs until a written bill has been produced. The State refers to article 103.001, entitled "Costs Payable," which provides:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost.

Tex. Crim. Proc. Code Ann. art. 103.001 (West 2012).

The ripeness doctrine protects against interference until a "decision has been formalized and its effects felt . . . by the challenging parties." *Johnson v. State*, 389 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2012, pet. granted). In determining whether an issue is ripe, we weigh the fitness of the issues for judicial decision against the hardship to the parties of withholding court consideration. *Id.* The trial court ordered appellant in its judgment to pay $409 in court costs. The judgment was certainly formalized and could be acted upon in an attempt to collect the specified amount. *See id.* Accordingly, appellant's second issue is ripe for adjudication.

We next consider the merits of appellant's second issue. In *Johnson v. State*, this court held that if the record does not contain evidence to support the specific dollar amount of assessed court costs, then the trial court has erred by assessing the specific amount. *See id.* at 517. As in *Johnson*, it is undisputed that the record contains no bill of costs or any other evidence that would support the specific amount, $409, assessed in the judgment. *See id.* The supplemental clerk's record contains a print out of a computer screen from the Harris County Justice Information Management System (JIMS), entitled "Cost Bill Assessment," identifying $409 in court costs. This court has determined that an unsigned computer screen printout from JIMS, that does not appear to have been brought to the attention of the trial court judge, is not an actual bill of costs as contemplated by article 103.001. *See Jelks v. State*, 397 S.W.3d 759, 759 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (concluding that a computer screen printout from JIMS signed by an unidentified individual, when printout was not presented to the trial judge, could not be considered an appropriate bill of costs); *Johnson*, 389 S.W.3d at 517, n.1.; Tex. Crim. Proc. Code Ann. art. 103.001. The JIMS document does not bear a signature, nor is there evidence in the record that it was presented to the

5

trial court before the specific dollar amount ($409) was included in the judgment. *See Jelks*, 397 S.W.3d at 759; *Johnson*, 389 S.W.3d at 517, n.1. Thus, the JIMS document cannot be considered an appropriate bill of costs. *See id*. No other evidence in the record supports the specific dollar amount assigned as court costs. *See id.* We note that the trial court did not err in ordering appellant to pay costs, as costs are mandated by statute; but, the trial court did err in entering a specific dollar amount of court costs in the judgment without any evidence in the record to support that amount. *See Johnson*, 389 S.W. 3d at 517; Tex. Crim. Proc. Code Ann. art. 103.001 (West 2006). Because we conclude the record contains no evidence to support the trial court's assessment of a specific dollar amount as court costs, we reform the trial court's judgment to delete the specific amount of court costs. *See Johnson*, 389 S.W.3d at 517.

Appellant also requests additional relief under his second issue. He seeks an order to the Texas Department of Criminal Justice (1) to reimburse all money that has been withdrawn from his inmate trust account under Texas Government Code section 501.014(e)(4), and (2) to refrain from withdrawing any other funds from this account to satisfy theses costs. *See* Tex. Gov't Code Ann. § 501.014(e)(4) (West 2009) (allowing funds to be withdrawn from an inmate's account to pay required debts, such as court costs, in accordance with a judgment). First, appellant has no grounds to seek this relief from an appellate court without having first made this request in the trial court. *See* Tex. R. App. P. 33.1. Second, the record contains no evidence that funds have been withdrawn from appellant's inmate trust fund. Third, civil proceedings govern the withdrawal of funds and are not properly raised in this appeal of appellant's criminal conviction. *See Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*, 280 S.W.3d 866, 874–75 (Tex. Crim. App. 2008) (concluding section 501.014(e) of the Government Code is not

6

on its face a criminal law statute and therefore issues regarding the withdrawal of inmate monies are civil in nature). *See also Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009) (determining that when the subject matter of a case does not concern the underlying criminal judgment, and, instead, concerns the enforcement or seizure of funds, the matter is more substantially civil than criminal). We, therefore, decline to order the additional relief requested by appellant.

The trial court's judgment, as modified, is affirmed.


/s/    Kem Thompson Frost
       Justice


Panel consists of Justices Frost, McCally, and Donovan.

Publish — TEX. R. APP. P. 47.2(b).