**Affirmed as Modified and Memorandum Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00854-CR

---

### WADE JAMES JEFFERSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1328031**

---

## M E M O R A N D U M   O P I N I O N

Appellant Wade James Jefferson pleaded guilty to murder and was sentenced to sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues he challenges his conviction by contending the trial court erred in sentencing him in the absence of a psychological evaluation in his presentence investigation report (PSI), and in the absence of information regarding his military service in the PSI. In a third issue he challenges

the sufficiency of the evidence to support the specific amount of court costs found in the judgment. We modify the trial court's judgment to delete the specific amount of costs, and affirm the judgment as modified.

## BACKGROUND

Appellant entered a plea of guilty to the offense of murder and a plea of true to the enhancement paragraph alleging he had previously been convicted of felony theft. In accepting appellant's plea, the court asked if appellant had ever been treated for mental illness or a mental disease or defect. Appellant answered that he had been treated for bipolar disorder since 1984. He has been on medication and received his medication while in jail awaiting trial. In answer to the court's questions, appellant's attorney stated that appellant had been evaluated for competency and was found competent and sane. The trial court accepted appellant's guilty plea and ordered preparation of a PSI.

The PSI contained statements by the witnesses to the offense including a statement by appellant. Appellant admitted he shot the complainant during a disagreement or misunderstanding near the mailboxes at their apartment complex. Appellant admitted he was on probation for aggravated assault at the time he killed the complainant. The PSI noted that appellant reported being a disabled veteran since 2005. Appellant was trained as a combat medic, but reported being rated as a "100% non-service connected veteran." In a section entitled, "Mental health," appellant reported he had been diagnosed with Post-Traumatic Stress Disorder and is under a physician's care at the Houston Veteran's Administration Hospital. He reported two suicide attempts, ten admissions into mental hospitals, and further diagnoses of "Major Depression Disorder" with "Recurring and Psychotic Features." The PSI also included a list of appellant's medications, a letter of support from his wife, a letter of support from a friend, and a letter from appellant

2

admitting the offense and seeking leniency.

After the PSI was prepared, the trial court held a hearing on punishment. The court asked whether there were any "objections to the PSI or any errors or anything like that noted in there that need to be corrected." Appellant's counsel responded, "we have no objections to the PSI." Appellant's counsel argued that appellant had a documented history of mental illness, and asked the court to consider appellant's age and his military service in assessing punishment. The trial court then assessed punishment at 60 years in prison.

ANALYSIS

## PSI Report

In his first two issues appellant contends the trial court erred in sentencing him in the absence of statutorily required information in the PSI. Specifically, appellant challenges the absence of a psychological evaluation and information regarding his military service. Article 42.12 section 9 of the Texas Code of Criminal Procedure provides in part:

> (i) A presentence investigation conducted on any defendant convicted of a felony offense who appears to the judge through its own observation or on suggestion of a party to have a mental impairment shall include a psychological evaluation which determines, at a minimum, the defendant's IQ and adaptive behavior score. The results of the evaluation shall be included in the report to the judge as required by Subsection (a) of this section.

* * * * *

> (l) Each presentence investigation shall include information regarding whether the defendant is a current or former member of the state military forces or whether the defendant is currently serving or has previously served in the armed forces of the United States in an active-duty status. If the defendant has served in an active-duty status, the investigation shall additionally determine whether the

3

defendant was deployed to a combat zone and whether the defendant may suffer from post-traumatic stress disorder or a traumatic brain injury. In addition, if available, a copy of the defendant's military discharge papers and military records must be included in the investigation report provided to the judge under Subsection (a) of this section.

On appeal, appellant complains of the absence of this information, but failed to object its absence in the trial court. The right to a presentence investigation may be forfeited by a failure to object. *See Summers v. State*, 942 S.W.2d 695, 696–97 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Likewise, the right to a psychological evaluation as a part of a presentence investigation may be forfeited by a failure to object. *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that "the right to a psychological evaluation may be forfeited, just as the right to a presentence investigation generally"). Because appellant did not object to the absence of a psychological evaluation or the absence of additional information about his military service, any error is waived.

Appellant further argues that by failing to follow the statutory mandate to evaluate a person's mental health, the trial court violated his rights under the Eighth Amendment to the United States Constitution and article I, section 13 of the Texas Constitution. The United States and Texas Constitutions require that a criminal sentence be proportionate to the crime for which a defendant has been convicted. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983); *see also Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). To preserve a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim.

4

App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); Tex. R. App. P. 33.1(a). Because appellant failed to object at the time he was sentenced, he waived any error with regard to punishment. Appellant's first two issues are overruled.

**Court Costs**

In his third issue, appellant contends the court costs reflected in the judgment are not supported by sufficient evidence. In its judgment, signed September 12, 2012, the trial court taxed appellant $234.00 in costs. The original clerk's record filed with this court contains a computer screen printout from the Harris County Justice Information Management System (JIMS) dated November 7, 2012, which shows court costs in the appellant's case amounting to $234.00. The JIMS print-out is signed and dated almost three months after the judgment was signed.

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. The court further held that a computer-screen printout from JIMS that does not show it was brought to the attention of the trial judge is not an actual bill of costs under article 103.001 of the Texas Code of Criminal Procedure. *Id.* at 515, n. 1; *Latson v. State*, —S.W.3d—, No. 14-12-00559-CR, 2013 WL 4487544, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, no pet.); *see also Jelks v. State*, 397 S.W.3d 759, 760 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (concluding that a computer screen print-out from JIMS dated and signed by an unidentified individual, when print-out was not presented to the trial judge, could not be considered an appropriate bill of costs).

In this case, there is no evidence in the record that the computer-screen

print-out was presented to the trial judge before he included the specific dollar amount in the judgment. Therefore, we cannot consider the computer-screen print-out as an appropriate bill of costs in this case. *See Johnson*, 389 S.W.3d at 515, n.1.; *Jelks*, 397 S.W.3d at 760. The trial court did not err in generally ordering the appellant to pay costs, as such is mandated by the Code of Criminal Procedure. Tex. Code Crim. Proc. art. 42.16. However, the court erred in entering a specific dollar amount without any support in the record for that figure. *See Johnson*, 389 S.W.3d at 516.

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we modify the trial court's judgment to delete the specific amount of costs. *See Johnson*, 389 S.W.3d at 516. Appellant's third issue is sustained.

As modified, the judgment is affirmed.


/s/     Sharon McCally
Justice


Panel consists of Justices Jamison, McCally, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).