**Affirmed as Reformed and Memorandum Opinion filed December 19, 2013.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-11-00838-CR**
**NO. 14-11-00839-CR**
**NO. 14-11-00840-CR**
**NO. 14-11-00841-CR**

---

**FREDRICHEE DOUGLAS SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1197969, 1197970, 1208812, and 1255072**

---

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant Fredrichee Douglas Smith of two counts of sexual assault of a child (14 to 17 years old); possession of child pornography; and online solicitation of a minor. The jury sentenced appellant to prison for three years for each count of sexual assault and eight years for possession of child

pornography, and eight years for online solicitation of a minor. Both of the eight-year sentences were suspended and all sentences were ordered to run concurrently. In two issues on appeal, appellant claims ineffective assistance of counsel and improper assessment of court costs. We reform the trial court's judgments to delete the specific amount of costs, and affirm the judgments as reformed.

## Background

Appellant was charged with offenses alleged to have occurred in 2008 when S.S. was fourteen. Appellant was twenty-two. Appellant was an instructor for a lifeguarding class at the Dad's Club where S.S. worked as a receptionist. Appellant and S.S. worked together and began texting each other. According to S.S., their texts became sexual when appellant suggested that S.S. either take a picture or take her shirt off for him and he would give her $200. Several days later, S.S. sent appellant a topless picture of herself. Over the next few months, she sent at least three more pictures by text message. In one picture she is completely nude. S.S. testified that appellant put his fingers in her vagina and that she performed oral sex on him at least twice.

## Ineffective Assistance of Counsel Claim

In his first issue, appellant claims he was denied his right to effective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Under *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to demonstrate ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient, *i.e.,* that his assistance fell below an objective standard of reasonableness; second, a defendant must affirmatively prove prejudice by

2

showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). *See also Lopez v. State,* 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (explaining that "reasonable probability" as used in the prejudice prong is "probability sufficient to undermine confidence in the outcome" of the proceeding) (citing *Strickland,* 466 U.S. at 687). Failure to make the required showing of either prong defeats the claim of ineffectiveness. *Strickland,* 466 U.S. at 697.

Appellant did not raise his ineffective-assistance claims in a motion for new trial. Absent an opportunity for trial counsel to explain his actions, appellate courts should not hold that counsel rendered ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective. *Id.* Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably professional and were motivated by sound trial strategy. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State,* 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

Appellant's claim of ineffective assistance is based upon four alleged errors. First, appellant asserts counsel was ineffective by offering Defense Exhibit 1, "all

3

of" appellant's August 2008 phone records, into evidence because it included evidence of extraneous offenses.

Counsel admitted into evidence a printout of texts from S.S.'s phone. Counsel cross-examined S.S. about texting another lifeguard, David Brenner. S.S. admitted she also was texting someone named John, Del Smith (appellant's brother), and Ryan Cooper, all of whom worked at the club. David occasionally walked S.S. home. Counsel stated on the record that he was going to demonstrate the complainant was having a relationship with David and that David was using appellant's phone to text the complainant. S.S. admitted that she "messed around" with David during that summer. Counsel questioned S.S. about appellant's name being absent from the text messages. Counsel's stated strategy was to show the State could not prove who sent the texts; counsel sought to implement that strategy by introducing evidence that Del, David, and appellant all used appellant's phone. Based upon the texts, counsel also questioned S.S. about appellant's relationship with her sister. Counsel stated he was "going to show that S.S. was jealous about her sister's relationship. That's why she's trying to get back at my client."

Counsel's decision to introduce the texts into evidence was clearly trial strategy. By questioning S.S. about the texts, counsel raised the possibility that the texts were not sent by appellant and that S.S.'s testimony was not credible. We conclude that as to his first complaint, appellant has not met the first prong of *Strickland*.

Appellant's second and third claims concern the testimony of Sergeant Gary Spurger. Appellant asserts defense counsel erred in failing to object on extraneous-offense grounds to Sergeant Spurger's testimony that a phone number in Defense Exhibit 1 belonged to another juvenile female, J.H., who received by text message from appellant a photo of appellant naked. Appellant claims the evidence was

4

irrelevant for any purpose other than character propensity and was therefore inadmissible.

It was counsel's stated defensive theory that others were using appellant's phone to send texts. Evidence that J.H. received a photo of appellant naked, sent by appellant, is evidence of identity that rebuts that theory. *See* Tex. R. Evid. 404(b). Trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel. *Webb v. State*, 991 S.W.2d 408, 419 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Appellant also complains of defense counsel's "opening the door" to Sergeant Spurger's testimony regarding his investigation of appellant's relationship with J.H. Appellant acknowledges that counsel was attempting to highlight the lack of investigation in the case at bar. The record reflects counsel also was pointing out that Sergeant Spurger had no direct knowledge of this case. Appellant complains, however, that this line of questioning allowed the State to elicit testimony that Sergeant Spurger had investigated a different case of appellant's online solicitation of a minor with a different complainant.

The record reflects counsel's questioning of Sergeant Spurger was trial strategy to show the lack of investigation into S.S.'s allegations as well as the fact that the testifying officer had not investigated the case being tried. Appellant has not shown counsel's strategy was unreasonable and therefore has failed to establish the first prong of *Strickland*.

Moreover, appellant has not shown the jury's awareness of J.H.'s case affected the outcome of the trial. Appellant makes no claim that he would not have been found guilty. Rather, appellant asserts there is a reasonable probability that he would have received a lesser sentence, specifically, community supervision, for all charges. But the extraneous offenses regarding J.H. are the same type of

5

offenses for which appellant did receive community supervision. Appellant therefore has not met the second prong of *Strickland.* Accordingly, we find appellant has failed to demonstrate counsel's questioning of Sergeant Spurger constituted ineffective assistance of counsel.

Lastly, appellant asserts counsel was ineffective in failing to request a limiting instruction as to three photographs that only showed S.S.'s exposed breasts, not her genitals; and testimony that appellant offered $200 to S.S. if she sent him a topless photograph. Appellant argues the jury should have been instructed not to consider this as evidence of the charged offense, but only for a limited purpose.

S.S. testified that she sent multiple nude photographs to appellant after promise of payment. The State questioned S.S. about whether she received the money. S.S. testified that after she and appellant fought about something, "[a]nd just to kind of get back at him, I asked for it because he promised it to me; and then he never ended up giving it to me, though." Counsel then cross-examined appellant about "getting back" at appellant and whether she was upset about not getting her $200.

Ordinarily, we need to hear from counsel whether there was a legitimate trial strategy for a certain act or omission. *Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). "Frequently, we can conceive potential reasonable trial strategies that counsel could have been pursuing. When that is the case, we simply cannot conclude that counsel has performed deficiently." In this case, we do not have any statement by counsel as to why he failed to request a limiting instruction. However, counsel's omission could have been based upon a reasonable trial strategy to elicit testimony from S.S. that she had a motive for falsely testifying against appellant -- that he failed to pay her for the topless photographs.

6

Accordingly, we conclude appellant has failed to overcome the presumption that counsel's actions were part of a reasonable trial strategy.

Moreover, the trial court submitted a proper limiting instruction in the jury charge during the guilt-innocence phase of the trial. Appellant has not shown that there is reasonable probability the result of the proceeding would have been different had counsel sought a limiting instruction sooner than in the jury charge. *See Walker v. State*, 4 S.W.3d 98, 107 (Tex. App.—Waco 1999, pet. ref'd) (the trial court's limiting instruction in the charge negated any possibility that the jury would have relied upon the extraneous offenses). We conclude that as to his fourth complaint, appellant has not met the requirements of *Strickland*.

Even if we had found that counsel was ineffective, appellant has not demonstrated by a preponderance of the evidence that he was prejudiced by counsel's actions. Appellant claims that but for the admission of the extraneous offenses he would have received community supervision for all charges. Appellant received community supervision for his convictions for online solicitation of a minor and possession of child pornography but did not receive community supervision for the two convictions for sexual assault of a child. The extraneous offenses complained of did not involve sexual assault. Appellant has failed to demonstrate that, but for his counsel's allegedly deficient performance, the outcome of the proceeding would have been different. *See Strickland,* 466 U.S. at 687, 694, 104 S.Ct. 2052. For all these reasons, we overrule appellant's first issue.

### *Court Costs*

In its judgment in each case, the trial court ordered appellant to pay court costs as follows: $490.00 (Trial court cause no. 1197970); $490.00 (Trial court cause no. 1197969); $490.00 (Trial court cause no. 1208812); and $290.00 (Trial court cause no. 1255072). Appellant requested the district clerk include the bill of

costs in the appellate record. In each case, the original clerk's record does not contain a bill of costs. On September 20, 2013, a supplemental clerk's record was filed in each case that contains a bill of costs.[1]

In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment. Further, this court has rejected supplemental records as not being "appropriate" bills of costs when such documents do "not appear to have been brought to the attention of the trial court judge." *Latson v. State*, 14-12-00559-CR, 2013 WL 4487544, at *3 (Tex. App.— Houston [14th Dist.] Aug. 22, 2013, no pet.).

We previously have rejected the State's argument that the costs are supported by various statutes. *See Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed). The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's second issue and reform the trial court's judgment in each case to delete the specific dollar amount of costs assessed. *See id.*; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an assessment of costs in a judgment).

---

[1] The bill of costs for trial court cause no. 1208812 assesses $590, which differs from the amount in the judgment.

In each case, we reform the trial court's judgment to delete the listing of a specific amount of court costs and affirm the judgment as reformed.


                                        /s/     Martha Hill Jamison
                                                Justice



Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).