**Affirmed as Modified and Opinion filed February 20, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00768-CR

---

## ROBERT EARL ADAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1313535**

---

## O P I N I O N

Appellant challenges the sufficiency of the evidence supporting the award of a specific amount in court costs assessed against him in the trial court's judgment following his plea of "guilty" to an indictment charging him with the offense of possession with intent to deliver a controlled substance. Because the record contains no evidence supporting the specific amount of court costs, we modify the trial court's judgment to delete the specified amount of court costs, and affirm the judgment as modified.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Robert Earl Adams pleaded "guilty" to an indictment charging him with the offense of possession with intent to deliver a controlled substance; he pleaded "true" to the indictment's enhancement allegation. The trial court found him guilty, found the enhancement allegation to be true, assessed punishment at fifteen years' confinement, and assessed court costs at $294. Appellant challenges only the trial court's assessment of $294 in court costs.

# II. ANALYSIS

In a single issue, appellant asserts there is insufficient evidence to support the specific amount of court costs assessed in the trial court's judgment. As a preliminary matter, we consider the State's argument that appellant's complaint is not ripe because appellant is not required to pay the court costs until a written bill has been produced. Article 103.001 of the Texas Code of Criminal Procedure, entitled "Costs Payable," provides that:

> A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the costs.

Tex. Crim. Proc. Code Ann. art. 103.001 (West 2014).

In *Johnson v. State*, this court previously rejected the lack-of-ripeness argument that the State advances today. *See* 389 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2012, pet. granted). In *Johnson*, we explained that the ripeness doctrine protects against interference until "a decision has been formalized and its effects felt . . . by the challenging parties." *Id*. at 516. In determining whether an issue is ripe for consideration, we weigh the fitness of the issues for judicial decision against the hardship to the parties of withholding court

consideration.  *Id.*  In this case, the trial court ordered appellant in its judgment to pay $294 in court costs.  The judgment was certainly formalized and could be acted upon in an attempt to collect the specified amount.  *See id.*  Accordingly, appellant's appellate issue is ripe for adjudication.  *See id.*; *Latson v. State*, No.14-12-00559-CR, —S.W.3d—,—, 2013 WL 4487544, at *3 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, no pet.) (holding that challenge to court costs assessed in judgment was ripe for appellate review on direct appeal).

We next turn to the merits of appellant's issue.  In *Johnson*, this court held that if the record does not contain evidence to support the specific dollar amount of assessed court costs, then the trial court erred in assessing the specific amount. *See See Johnson*, 389 S.W.3d at 517.  As in *Johnson*, the record in this case contains no bill of costs or any other evidence that would support the specific amount of court costs assessed in the judgment.

The State asserts that there are numerous provisions in the Texas Code of Criminal Procedure authorizing various court costs to be paid by a defendant when convicted of a felony offense after a trial.  The State suggests nine specific articles of the Code of Criminal Procedure and three sections of the Local Government Code providing for fees that, if assessed against appellant, would add up to an amount of at least $294. Therefore, the State maintains, the evidence is sufficient to support the $294 in court costs reflected in the judgment.  In *Rogers v. State*, we rejected a substantially similar argument, and we are bound by *Rogers* to reject the State's argument in this case. *See* 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed). The *Rogers* court concluded that affirming a judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to whether they actually were assessed—would be speculative.  *See id.* Such an

3

argument is not based upon evidence of the costs that actually were assessed.[1] *See id*. Accordingly, for this court to have sufficient evidence to affirm a trial court's judgment assessing specific court costs against a defendant, the record must contain evidence that the court costs assessed against him were imposed.[2] *See id*.

The State argues that if the record is insufficient to support the trial court's judgment, we should follow the procedure followed by the First Court of Appeals in *Cardenas v. State*. *See* 403 S.W.3d 377, 383–89 (Tex. App.—Houston [1st Dist.] 2013, pet. granted). The *Cardenas* court ordered the trial court clerk to prepare and file a supplemental record containing a bill of costs, and in the event no bill of costs existed, the *Cardenas* court ordered the trial court clerk or an officer of the court to prepare a bill of costs for inclusion in a supplemental clerk's record. *See id*. After the clerk's record was supplemented with a newly created bill of costs, the *Cardenas* court then considered the bill of costs for the purposes of determining whether sufficient evidence supported the assessed court costs. *See id*.

---

[1] The State argues that even if the costs assessed are speculative, appellant can challenge the costs in the future under article 103.008 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 103.008 (West 2014) (authorizing defendant to file a motion within one year after the date of the final disposition of a case in which costs were imposed to correct any error in the costs.) In *Rogers*, we noted that a defendant cannot adequately challenge the correctness of his court costs under article 103.008 without an itemized bill of costs. *See Rogers*, 402 S.W.3d at 420. But, even if a defendant receives an itemized bill of costs and has the opportunity to bring a challenge in the future, that opportunity does not preclude him from challenging the assessment of court costs on direct appeal. *See Johnson*, 389 S.W.3d at 516–17 (noting that claim of insufficient evidence to support court costs is reviewable on direct appeal in a criminal case and that availability of proceeding under art. 103.008 does not explicitly or implicitly limit ability to challenge the sufficiency of the evidence to support a part of the trial court's judgment).

[2] The State argues that appellant did not properly preserve his claim for appellate review. But, the sufficiency of the evidence to support an assessment of costs contained in a judgment may be raised for the first time on appeal. *See Johnson*, 389 S.W.3d at 517.

The State does not assert that a bill of costs existed when the trial court rendered judgment and assessed the $294 in court costs.[3] Presuming, for the sake of argument, that we could direct the court clerk to create a bill of costs, this court has determined that such a bill of costs cannot be considered an appropriate bill of costs because it could not have been presented to the trial court before the specific dollar amount was included in the judgment.[4] *See Shaw v. State*, No. 14-12-00876-CR, —S.W.3d—,— 2014 WL 257881, at *6 (Tex. App.—Houston [14th Dist.] Jan. 23, 2014, no pet. h.) (determining that a purported bill of costs signed and printed two months after the trial court rendered its judgment assessing costs cannot be an appropriate bill of costs because it could not have been presented to the trial court before the specific dollar amount was included in the judgment); *Jelks v. State*, 397 S.W.3d 759, 760 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (concluding that a Justice Information Management System computer screen printout of costs that was not presented to the trial judge cannot be considered an appropriate bill of costs). Accordingly, even if we could direct the court clerk to create a bill of costs, any bill created after the judgment would be insufficient to support the trial court's assessment of a specific amount of costs in the judgment. *See Shaw*, 2014 WL 257881, at *6; *Jelks*, 397 S.W.3d at 760.

---

[3] If a bill of costs existed when the trial court rendered judgment, the State by letter could have directed the trial court clerk to prepare, certify, and file in the appellate court a supplemental clerk's record containing the bill of costs. *See* Tex. R. App. P. 34.1(c)(1).

[4] The State argues that article 103.001 does not require a bill of costs to be produced but only that a bill must be "ready to be produced." *See* Tex. Code Crim. Proc. Ann. art. 103.001. The requirements of article 103.001 are beside the point. Article 103.001 governs the requirements for making a cost payable; it does not govern the standard for sufficient evidence to support the assessment of a specific amount of costs in a judgment. *See Johnson*, 389 S.W.3d at 516.

5

Because we conclude the record contains no evidence to support the trial court's assessment of a specific dollar amount as court costs, we modify the trial court's judgment to delete the specific amount of court costs, and affirm the judgment as modified. *See Johnson*, 389 S.W.3d at 517.

Appellant also requests additional relief. He seeks an order to the Texas Department of Criminal Justice to (1) reimburse all money withdrawn from his inmate trust account under Texas Government Code section 501.014(e)(4), and (2) to refrain from withdrawing any other funds from this account to satisfy these costs. *See* Tex. Gov't Code Ann. § 501.014(3)(4) (West 2014) (allowing funds to be withdrawn from an inmate's account to pay required debts, such as court costs, in accordance with judgment). This court cannot grant appellant this requested relief. *See Latson*, 2013 WL 4487544, at *4. First, appellant has no grounds to seek this relief from an appellate court without first having made the request in the trial court. *See id.* Second, the record contains no evidence that funds have been withdrawn from appellant's inmate trust fund. *See id.* Third, civil proceedings govern the withdrawal of funds. *See id.* Accordingly, the withdrawal of funds from appellant's account is not properly raised in this appeal of his criminal conviction. *See Johnson v. Tenth Judicial Dist. Court of Appeals at Waco*, 280 S.W.3d 866, 874–75 (Tex. Crim. App. 2008); *Latson*, 2013 WL 4487544, at *4. We therefore decline to order the additional relief requested by appellant.

### III. CONCLUSION

Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we modify the trial court's judgment to delete the specific amount of costs, and affirm the judgment as modified.


/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Publish — TEX. R. APP. P. 47.2(b).