**Affirmed and Memorandum Opinion on Remand filed May 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00509-CR

---

## REYNALDO LAFAYETTE JELKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1247846**

---

### MEMORANDUM OPINION ON REMAND

Appellant Reynaldo Lafayette Jelks appeals his conviction for failure to comply with sex offender registration. On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $275 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Jelks v. State*, 397 S.W.3d 759 (Tex. App.—Houston [14th Dist.] 2013) *vacated and remanded*, No. PD-0381-13;

2014 WL 1464845 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs if the report itemizes the accrued court costs in the appellant's case, contains a certification by the trial court clerk that the document is a true and correct copy of the original, and is signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393. The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs in appellant's case, contains a certification by the district clerk that the document is a true and correct copy of the original, and is signed by a deputy district clerk. *See id.* at 392–93. The fact that the bill of costs was not prepared until after the court signed the judgment does not defeat the lawfulness of the bill of costs. *Id.* at 394. ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial.").

The trial court assessed $275 in costs against appellant. The sum of the itemized costs in the JIMS report is $275. There being no challenge to any specific

2

cost or the basis for the assessment of such cost, the bill of costs supports $275 of the costs assessed in the judgment. *Id*. at 396.

On remand, we affirm the trial court's judgment.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Busby and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).